WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaac Javier Henderson,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　　Defendant. | No. CV-14-02594-PHX-ESW<br><br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff Isaac Javier Henderson's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his claim for disability insurance benefits. Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Plaintiff alleges disability beginning on December 21, 2011.

　　　　This Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c).  Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 13). After reviewing the Administrative Record ("A.R."), Plaintiff's Opening Brief (Doc. 16), Defendant's Response Brief (Doc. 20), and Plaintiff's Reply

(Doc. 21), the Court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence and is free of harmful legal error. The decision is therefore affirmed.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). The Act also provides for Supplemental Security Income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments,

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

**B. Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial

---

[2] *Parra*, 481 F.3d at 746.

evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts, ambiguity, and determining credibility. *Id.*; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff was born in 1972, has an eleventh grade education, and has been employed as a street sweeper, pest control worker, pumper/driver of porta-potties, and retail manager. (A.R. 34, 50-52).

In November 2011, Plaintiff filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income benefits. (A.R. 223-29). Plaintiff alleges that on December 21, 2011,[3] he became unable to work due to torn ligaments in his shoulders and loss of strength in his hands and arms. (A.R. 65). Social Security denied both applications in April 2012. (A.R. 147-54). On October 23, 2012, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of Plaintiff's application. (A.R. 159-65). Plaintiff then requested a hearing before an ALJ. (A.R. 166-67). After holding an April 2013 hearing, the ALJ found that Plaintiff is not disabled. (A.R. 9-29, 30-60). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). Plaintiff thereafter filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 405(g) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

The ALJ completed all five steps of the disability analysis before finding that Plaintiff is not disabled and entitled to disability benefits.

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since the amended alleged disability onset date. (A.R. 14). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) lumbar degenerative disc disease; (ii) osteoarthritis of the knees, bilaterally; (iii) "[s]tatus post left shoulder injury with multiple years and tendinosis"; (iv) morbid obesity, dysthymic

---

[3] Plaintiff initially alleged disability beginning on September 15, 2010. (A.R. 33, 65). Plaintiff amended the alleged disability onset date to December 21, 2011. (A.R. 33, 342).

- 5 -

disorder; and (v) anxiety disorder. (A.R. 14-15). Neither party disputes the ALJ's determination at this step.

### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 15). Neither party disputes the ALJ's determination at this step.

### 4. Step Four: Capacity to Perform Past Relevant Work

At step four, the ALJ found that Plaintiff has retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff is able to frequently stoop, kneel, crouch, crawl, and climb ramps and stairs. (A.R. 18). The ALJ assessed additional restrictions as follows:

> [Plaintiff] should never be required to climb ladders, ropes, and scaffolds. [Plaintiff] is also able to frequently lift overhead with his left upper extremity, as well as frequently perform fine and gross manipulation, but should avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights. [Plaintiff] would also require the option to sit and stand at-will. [Plaintiff] is also able to complete simple, unskilled and repetitive tasks in work environments that require no more than occasional and superficial contact with co-workers, supervisors, and the general public, and should not be expected to resolve conflicts or persuade others.

(A.R. 18).

After considering the testimony of a vocational expert ("VE") and Plaintiff's RFC, the ALJ determined that Plaintiff is unable to perform his past relevant work. (A.R. 22-23). Plaintiff argues that the ALJ erred at step four in assessing Plaintiff's RFC by (i) misinterpreting the evidence when assigning significant weight to the opinions of examining physician Dr. Brian Briggs and reviewing physician Dr. Nadine Keer and (ii) improperly rejecting the opinion of Plaintiff's treating pain management doctor, Dr. O. Uhrik. (Doc. 16 at 4-6).

### 5. Step Five: Capacity to Perform Other Work

At the final step, the ALJ found that Plaintiff is able to perform the requirements of work existing in significant numbers in the national economy, such as "Cashier-Parking Lot" and "Office Helper." (A.R. 23-24).

The issue at this step pertains to Plaintiff's argument that the ALJ erred at step four in assessing Plaintiff's RFC. If the ALJ committed harmful legal error at step four, then the ALJ's determination at step five is also erroneous.

### D. Plaintiff's Challenge at Step Four

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (ii) examining physicians, who examine but do not treat the claimant; and (iii) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence, such as finding that the physician's opinion is inconsistent with and not supported by the record as a whole. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

#### 1. Dr. Brian Briggs

On February 27, 2012, consulting physician Dr. Brian Briggs examined Plaintiff. (A.R. 465-69). In his report, Dr. Briggs recounted that Plaintiff stated that his pain is aggravated by standing or sitting for more than thirty minutes, but "is relieved by

- 7 -

medications." (A.R. 465). Dr. Briggs assessed that Plaintiff can (i) occasionally lift twenty pounds; (ii) frequently lift ten pounds; (iii) stand or walk for six to eight hours in an eight-hour day; and (iv) frequently climb ramps and stairs, stoop, kneel, crouch, crawl, reach, handle, finger, and feel. (A.R. 468-69). Dr. Briggs further assessed that Plaintiff has no limitations with respect to sitting, seeing, hearing, and speaking. (A.R. 469). Finally, Dr. Briggs opined that Plaintiff can never climb ladders, ropes, and scaffolds and is restricted from working around heights and moving machinery. (*Id.*). The ALJ gave Dr. Briggs' opinion significant weight, stating that it is "fully consistent with the probative findings of the physical examination conducted by Dr. Briggs, [the ALJ's] review of the record and the report of activity testified to by [Plaintiff] and his report that his pain 'is relieved by medication.'" (A.R. 21).

Plaintiff argues that the ALJ misinterpreted the evidence by relying on Dr. Briggs' statement that Plaintiff's pain is relieved by medication. (Doc. 16 at 4). Plaintiff asserts that "every chart note" from Plaintiff's treating pain management physician, Dr. O. Uhrik, "indicates pain and only partial relief from medications . . . ." (*Id.*). Dr. Uhrik's progress notes, however, state that Plaintiff's pain is reduced by forty to sixty-five percent with pain medication. (*e.g.,* A.R. 472-80, 507-09, 588-89, 591-96). Dr. Uhrik's most recent progress notes state "Pain control obtained." (A.R. 588-89, 591-96). Further, a number of recent progress notes state "Quality of life with current medications: Improved." (*e.g.,* A.R. 589, 592, 593, 595). Because Plaintiff's reported reduction in pain is by definition "relief,"[4] Plaintiff has failed to show how the ALJ's statement that Plaintiff's pain is "relieved by medication" misinterprets the evidence in the record.

In addition, Plaintiff argues that the ALJ erroneously assigned significant weight to Dr. Briggs' opinion because Dr. Briggs acknowledged that the medical records he reviewed were not up to date. (A.R. 467). Plaintiff cites to no authority that requires an

---

[4] Plaintiff's argument conflates the definitions of "relieve" and "eliminate." "Relieve" is defined as "<u>to reduce</u> or remove (something, such as pain or an unpleasant feeling)." Meriam-Webster Online, http://www.merriam-webster.com/dictionary/relief (emphasis added). "Eliminate" is defined as "to put an end to or get rid of." Meriam-Webster Online, http://www.merriam-webster.com/dictionary/eliminate.

- 8 -

consultative examining physician to review all of a claimant's medical records, and the Court finds none. *See* 20 §§ C.F.R 404.1517, 416.917. Moreover, Plaintiff's argument misses two points. First, Dr. Briggs' opinions are based on an independent physical examination. Dr. Briggs diagnosed Plaintiff with gross obesity, decreased range of motion of the left elbow, and degenerative joint disease of the knees. (A.R. 468). In his medical source statement, Dr. Briggs explained that his conclusions are based on these diagnoses. (A.R. 468-69).

Second, the ALJ reviewed Dr. Briggs' opinion in the context of the record and found that the two comported. (A.R. 21). Plaintiff does not challenge this finding. Where "the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the [ALJ]." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting *Andrews*, 53 F.3d at 1039). The Court finds that the ALJ's assignment of significant weight to Dr. Briggs' opinion is supported by substantial evidence and is based on correct legal standards.[5]

For the above reasons, the Court rejects Plaintiff's arguments that the ALJ misinterpreted the evidence and improperly weighed Dr. Briggs' opinion.

### 2. Dr. Nadine Keer

On April 17, 2012, state agency physician Dr. Keer reviewed Plaintiff's medical records and opined that Plaintiff could (i) occasionally lift and/or carry twenty pounds; (ii) frequently lift and/or carry ten pounds; (iii) stand and/or walk for about six hours in an eight-hour workday; and (iv) sit for a total of about six hours in an eight-hour workday. (A.R. 91-93). Dr. Keer also assessed that Plaintiff could frequently climb

---

[5] In his Opening Brief, Plaintiff also argues that the ALJ violated 20 C.F.R. § 1527, which explains that Social Security generally gives more weight to an examining physician's opinion than a non-examining physician's opinion. (Doc. 16 at 6). The basis for this argument is the ALJ's statement that "Therefore to [the] extent it is consistent with the DDS opinion of [non-examining physician] Dr. Keer, significant weight was afforded to Dr. Briggs' consultative opinion." (A.R. 21). The Court finds this statement inconsequential to the ultimate disability determination. The ALJ did not give Dr. Keer's opinion more weight—she assigned significant weight to both Dr. Keer and Briggs' opinions, which are nearly identical. Further, the ALJ articulated legitimate reasons for giving Dr. Briggs' opinion significant weight (e.g. it is consistent with the record).

ramps and stairs, stoop, kneel, crouch, crawl and has no restrictions with respect to pushing/pulling, balancing, and feeling (i.e. skin receptors). (A.R. 91-92). Like Dr. Briggs' opinion, Dr. Keer found that Plaintiff should never climb ladders, ropes, and scaffolds and should avoid concentrated exposure to hazards such as machinery and heights. (A.R. 92-93). However, unlike Dr. Briggs, Dr. Keer found that Plaintiff is limited in his ability to reach, handle (i.e. gross manipulation), and finger (i.e. fine manipulation) due to left arm pain and decreased range of motion in his left forearm. (A.R. 92).

Plaintiff argues that the ALJ erred in assigning significant weight to Dr. Keer's opinion because Dr. Keer's report predates Plaintiff's submission of an additional 102 medical documents. (Doc. 16 at 5). Plaintiff, however, does not discuss the content of these additional medical documents or explain how the additional documents would have changed the outcome of the administrative proceedings. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (declining to address an issue that the claimant failed to argue with specificity in his briefing). Without the requisite specificity and analysis supported by the record, Plaintiff has not met his burden to show error, let alone that harmful error. *See McLeod v. Astrue,* 640 F.3d 881, 887 (9th Cir. 2011) ("Where harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm."); *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights.") (citing *Shinseki v. Sanders,* 556 U.S. 396, 407–09 (2009)).

Nevertheless, the Court has reviewed the additional documents and considered the merits of Plaintiff's contention. Although Dr. Keer did not have access to all of Dr. Uhrik's records, Dr. Keer explicitly referenced Dr. Uhrik's March 20, 2012 progress note, which states that:
> **HPI:** Presents with pain in both arms, elbows, and both shoulders. The pain is moderate in severity and the pain is

- 10 -

> reduced by 40% with meds and is constant. And, as a result of the pain the patient is not able to work or do his ADL's.
>
> . . . .
>
> **Medication:** does not share ow[n] pain meds with others, "pain meds enable me to do my ADL's," and he states medication does not affect his driving.

(A.R. 472). Dr. Uhrik's March 20, 2012 progress note is representative of Dr. Uhrik's most restrictive progress notes that were submitted after Dr. Keer conducted her review. Many of Dr. Uhrik's progress notes that Dr. Keer did not review indicate that Plaintiff's pain is reduced by fifty percent with medications. (A.R. 473-75, 477, 513-14, 589, 593).[6] Several progress notes state that Plaintiff's pain is reduced by sixty percent and two others state a pain reduction of sixty-five percent. (A.R. 507-09; 479-80).[7] Further, almost all of Dr. Uhrik's progress notes dated after Plaintiff's amended alleged disability onset date (December 21, 2011) state that Plaintiff's pain medications enable him to do his daily activities without impacting his ability to drive.[8] Indeed, the record reflects that Plaintiff drives his daughter to school and drove alone to the consultative examinations. (A.R. 48, 484-85, 550).

Regarding the records from other providers that Plaintiff submitted after Dr. Keer's review, a March 17, 2012 exam revealed only mild degenerative changes in Plaintiff's left knee. (A.R. 530). An October 11, 2012 emergency room report states that Plaintiff's chronic pain is resolved and that Plaintiff had normal range of motion. (A.R. 523). Finally, at a February 2013 intake appointment at TERROS, Inc., Plaintiff stated that he is able to complete his daily activities and denied having any medical issues. (A.R. 570). Plaintiff stated that "I have depression and anxiety and I don't have any

---

[6] A few of these records predate Plaintiff's December 21, 2011 alleged disability onset date. The Court notes that "[m]edical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle*, 533 F.3d at 1165.

[7] The records at A.R. 479-80 predate Plaintiff's December 21, 2011 alleged disability onset date by several months. The records at A.R. 507-09 are from 2012.

[8] The progress notes that do not contain these statements are entirely silent on the issue.

- 11 -

motivation to do anything[]." (*Id.*). This is in contrast to Plaintiff's statements at the April 2013 hearing and throughout the administrative proceedings that chronic pain prevents him from completing activities. (A.R. 40, 302).

After reviewing the additional documents submitted after Dr. Keer's April 2012 report, the Court finds that there is no reason to believe a remand would lead to a different result. *See Batson*, 359 F.3d at 1197 (applying harmless error standard); *see also Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) (finding that a remand is unnecessary if "it will amount to no more than an empty exercise."); *see also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Moreover, even if Dr. Keer's opinion is discounted, Dr. Briggs' opinion remains, which the ALJ did not improperly weigh. As Dr. Briggs' opinion is based on his own examination of Plaintiff, Dr. Briggs' opinion alone constitutes substantial evidence supporting the ALJ's RFC determination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's medical report based on independent examination of claimant constitutes substantial evidence to support ALJ's disability determination).

For the above reasons, the Court finds that any error by the ALJ in assigning significant weight to Dr. Keer's opinion is harmless.

### 3. Dr. O. Uhrik

Plaintiff's treating pain management physician, Dr. O. Uhrik, provided medical assessments dated May 15, 2012 and March 20, 2013, which opine that Plaintiff can sit for less than one hour in an eight-hour workday and stand/walk for less than one hour in an eight-hour workday. (A.R. 496-98, 585-87). Dr. Uhrik's May 2012 assessment states that Plaintiff can occasionally lift up to twenty pounds, while Dr. Uhrik's May 2013 assessment states that Plaintiff can occasionally lift up to ten pounds. (A.R. 496, 585). The ALJ gave Dr. Uhrik's opinions partial weight. (A.R. 22). Because Dr. Uhrik's

opinions are contradicted by another acceptable medical source, the Court must determine whether the ALJ offered specific and legitimate reasons for discounting Dr. Uhrik's medical opinion.

The ALJ gave two primary reasons for giving Dr. Uhrik's opinion partial weight. The ALJ first explained that "the sitting/standing/walking and postural limitations are not supported by even Dr. Uhrik's own treatment records where he has provided that medications have been effective of eliminating 40-65% of [Plaintiff's] pain with 'no side effects' and 'stable for three years on [prior medication] regimen.'" (A.R. 22). Finding inconsistencies between a treating physician's opinion and his or her treatment notes is a specific and legitimate reason for rejecting the treating physician's opinion. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ permissibly rejected treating physician's opinion when opinion was contradicted by or inconsistent with treatment reports); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (a conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician); *Connett v. Barnhart,* 340 F.3d 871, 875 (9th Cir. 2003) (treating doctor's opinion properly rejected when treatment notes "provide no basis for the functional restrictions he opined should be imposed on [claimant]"). Moreover, the ALJ's finding is supported by substantial evidence in the record.[9] For example, Dr. Uhrik's March 20, 2013 assessment opines that Plaintiff has "moderately severe" and "severe" limitations due to pain and fatigue, but a contemporaneous progress note states "adequate pain relief with current meds" and "Impression: . . . Pain control obtained." (A.R. 587-88). As mentioned, "[p]ain control

---

[9] To the extent Plaintiff argues that the record medical evidence actually supports Dr. Uhrik's opinions, the Court will not second guess the ALJ's reasonable determination to the contrary. *See Morgan*, 169 F.3d at 599.

obtained" is found in a number of other recent progress notes along with the statement "Quality of life with current medications: Improved." (*e.g.,* A.R. 589, 591-96).

The ALJ also discounted Dr. Uhrik's opinion because it was "based largely on [Plaintiff's] subjective (and improved) pain complaints . . . ." (A.R. 22). "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti,* 533 F.3d at 1041. Here, the ALJ discredited Plaintiff's testimony regarding his symptoms. Because Plaintiff's Opening Brief does not challenge the ALJ's credibility analysis, the issue is waived.[10]

Finally, the ALJ discounted Dr. Uhrik's opinion because "it appears to be sympathetic" to Plaintiff. (A.R. 22). Yet the ALJ did not cite to specific evidence suggesting that Dr. Uhrik's alleged sympathy for Plaintiff adversely impacted his professional judgment. The Court thus finds that the ALJ's statement that Dr. Uhrik was sympathetic to Plaintiff is an invalid reason for discounting Dr. Uhrik's opinion. *See Haulot v. Astrue*, 290 F. App'x 53, 54 (9th Cir. 2008) (holding an ALJ's statement that treating doctor was "sympathetic" to the claimant did not constitute substantial evidence for rejecting his considered diagnosis). This error, however, is harmless in light of the ALJ's two other valid reasons discussed above. *See Molina*, 674 F.3d at 1115 (where some reasons supporting an ALJ's credibility analysis are found invalid, the error is harmless if the remaining valid reasons provide substantial evidence to support the ALJ's

---

[10] *Meanel v. Apfel*, 172 F.3d 1111, 1115(9th Cir. 1999) (at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal); *Bray v. Commissioner of Social Security Admin*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (deeming argument not made in disability claimant's Opening Brief waived). The Court does not find that manifest injustice would occur in deeming the argument waived. *Meanel*, 172 F.3d at 1115 (failure to comply with waiver rule is only excused when necessary to avoid manifest injustice).

credibility determination and "the error does not negate the validity of the ALJ's ultimate conclusion.").

### III.  CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and is free from reversible error.  Accordingly, the decision of the Commissioner of Social Security is affirmed.

**IT IS THEREFORE ORDERED** affirming the decision of the Commissioner of Social Security.  The Clerk of Court shall enter judgment accordingly.

Dated this 3rd day of December, 2015.

_____
Eileen S. Willett
United States Magistrate Judge